IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

Clyde Long

    Plaintiff,

vs.

The Hon. Robert M. Gates
Secretary of Defense,
Department of Defense

    Defendant.

Case No. 3:07-cv-00340

District Judge Thomas M. Rose

---

**PLAINTIFF'S BRIEF IN RESPONSE TO COURT'S JUNE 11, 2009 ORDER**

---

The "sole issue raised" in *Thompson v. North American Stainless, LP*, 2009 U.S. App. LEXIS 12100, 2009 WL 1563443, 2009 FED App. 0202P (6th Cir. June 5, 2009), as identified, *sua sponte*, by this Court in its June 11, 2009 Order, is inapplicable to the pending lawsuit and does not prohibit this Court's continuing subject matter jurisdiction or otherwise adversely affect plaintiff's standing to assert a claim under § 704(a) of Title VII, 42 U.S.C. §2000e-3. *Thompson, supra* at *2.

Unlike Eric Thompson, the plaintiff in *Thompson, supra*, plaintiff Clyde Long both plainly pleaded in his complaint (*e.g.*, Compl., ¶¶ 15, 17, 19, 20, 21, 22, 24, 28, 31, 32, 33) and subsequently established during discovery that he "personally engaged in protected activity by opposing a practice, making a charge, or assisting or participating in an investigation." *Cf.*, Opposition Memorandum at 3 (* * * personally familiar with the bases of the charge, Long

supported his wife's charge and its filing. (Long Depo. at 17; I.F. Ex. A at 2; I.F. Ex. F-14 at 124; I.F. Ex. F-15 at 131-132).")

In so doing, and by personally engaging in protected activity, which, amongst other actions, included giving supporting statements to the equal employment officer who investigated his wife's EEO charge, Long has asserted a proper cause of action under § 704(a) of Title VII, 42 U.S.C. §2000e-3, and subsequently, within his memorandum in opposition, has substantiated the existence of genuine issues of law and fact attendant thereto.

The recent *Thompson* decision, involving the limited and narrow issue addressed by the Sixth Circuit Court of Appeals, is factually inapposite to the allegations, facts and circumstances of this case. *Cf., Thompson, supra* at *17. Long's claims remain viable, and continue to be supported, in part, by the Sixth Circuit's earlier pronouncements in *Thompson v. North American Stainless, LP*, No. 07-5040 (6th Cir. March 31, 2008).

Respectfully submitted,

DUWEL LAW

s/ David M. Duwel
David M. Duwel (0029583)
130 West 2nd Street, Suite 2101
Dayton, Ohio 45402
PH:    (937) 297-1154
FAX:  (937) 297-1152
david@duwellaw.com

## CERTIFICATE OF SERVICE

On June 22, 2009, a true and accurate copy of the above pleading was served upon defendant's counsel by and through this Court's electronic delivery system.

s/ David M. Duwel

2